**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Sandra W. Kiefer,                                  ) | C/A No.  3:10-01220-CMC-JRM |
|                                                            ) | |
| Plaintiff,                      ) | |
| v.                                                        ) | **ORDER** |
|                                                            ) | |
| Michael J. Astrue,                              ) | |
| Commissioner of Social Security Administration,   ) | |
|                                                            ) | |
| Defendant.                ) | |
| _____) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security granting Plaintiff's claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. The Report, filed on August 10, 2011, recommends that the decision of the Commissioner be affirmed. Dkt. No. 19. On August 29, 2011, Plaintiff filed objections to the Report. Dkt. No. 21.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## BACKGROUND

Plaintiff applied for DIB, alleging disability as of December 28, 2004,[1] based on degenerative disc disease. Tr. 84-86.  The ALJ, in a decision issued April 23, 3008, denied Plaintiff benefits finding that she was not disabled because she had the residual functional capacity ("RFC") to perform her past relevant work as a receptionist. Tr. 8-19.  Plaintiff requested that the Appeals Council review the ALJ's decision and submitted additional evidence for consideration. Tr. 6.  On

---

[1] Plaintiff's original application alleged a disability onset date of December 9, 2005. Tr. 84. At the administrative hearing, Plaintiff amended her alleged onset date to December 28, 2004. Tr. 23.

2

March 13, 2010, the Appeals Council denied Plaintiff's request. Tr. 1-5. Plaintiff filed this action on May 12, 2010. Dkt. No. 1.

### DISCUSSION

The Magistrate Judge recommends that the court affirm the Commissioner's decision because it is supported by substantial evidence. Plaintiff objects to the Report, arguing that the Magistrate Judge erred in finding that (1) substantial evidence supported the ALJ's determination that Plaintiff's migraine headaches were not a severe impairment; (2) the ALJ properly discounted a treating physician's opinion; and (3) any failure of the Appeals Council to articulate a reason for denying review based on new evidence regarding Plaintiff's mental condition is harmless error. Dkt. No. 21 at 1-2.

**Severity of Plaintiff's Migraine Headaches.** Plaintiff argues that the Magistrate Judge erred in finding that substantial evidence supports the ALJ's finding that Plaintiff's migraine headaches were not severe.[2] Dkt. No. 21 at 1. Plaintiff's argument is two-fold: (1) the ALJ erred at step two when determining that her migraine headaches were not severe; and (2) the ALJ erred at step four because Plaintiff's migraine headaches, as a severe impairment, should have been considered in the RFC determination. Dkt. No. 21 at 1-2.

At step two of the Social Security's five-step sequential evaluation process for determining whether an individual is disabled, the ALJ must determine whether the individual has at least one severe impairment. If the individual does not have at least one severe impairment, she is not

---

[2] As explained in the Report, a severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Conversely, a non-severe impairment is one that "does not significantly limit [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521 (a).

3

disabled. If the individual has at least one severe impairment, the ALJ will move on to step three of the evaluation process. At step three, the ALJ determines whether an individual's severe impairment automatically qualifies her for disability. If it does not, the ALJ moves to step four to determine the individual's functional limitations arising from all of her impairments (severe and non-severe) as it relates to her ability to work. *See* 20 C.F.R §404.1520 and 20 C.F.R § 404.1545.

When determining whether Plaintiff's migraine headaches were a severe impairment, the ALJ discussed Plaintiff's testimony regarding her migraine headaches and the medical evidence showing that she suffered from migraine headaches. Tr. 14. The ALJ also explained the evidence that indicated Plaintiff was able to control her migraine headaches with medication. Tr. 14. Finding that her migraine headaches were controlled with medication, the ALJ concluded that this impairment was "non-severe and has no more than a minimal impact on [Plaintiff's] ability to work." Tr. 14. As explained in the Report, the ALJ's determination at step two that Plaintiff's migraine headaches were not a severe impairment is supported by substantial evidence. Dkt. No 19 at 11-12.

The ALJ's determination of Plaintiff's RFC at step four is also supported by substantial evidence. Because the ALJ found that Plaintiff's degenerative disc disease was a severe impairment, the ALJ moved to steps three and four of the evaluation process, and was required to consider all impairments, both severe and non-severe, when determining Plaintiff's RFC (step four). Tr. 14-19. The ALJ considered Plaintiff's migraine headaches in the RFC analysis, and Plaintiff does not identify any specific fault in the RFC analysis related to her migraine headaches. Tr. 14-19. As explained by the Magistrate Judge, any error in finding that Plaintiff's migraine headaches were not a severe impairment is harmless because Plaintiff has not identified how her migraine headaches

resulted in functional limitations in excess of the limitations found by the ALJ. Dkt. No. 19 at12.

**Treating Physician's Opinion.** The Magistrate Judge concluded that the ALJ's decision to discount the opinion of Dr. Richardson -- a treating physician -- is supported by substantial evidence. Dkt. No. 19 at 14. The ALJ found that Dr. Richardson's opinion that Plaintiff's "sitting and standing tolerance is extremely limited secondary to her spine condition, and that he did not foresee [Plaintiff] returning to any type of meaningful employment" was not supported by "any clinical findings" in "Dr. Richardson's treatment records." Tr. 18. Plaintiff argues that Dr. Richardson's records contain clinical findings and directs the court to (1) a December 9, 2005 report written by Dr. Richardson and (2) an undated letter by Dr. Richardson stating that Plaintiff's "sitting and standing tolerance is extremely limited secondary to her spine condition." Dkt. No. 12 at 17. The first report neither restricts Plaintiff from work nor includes any description of Plaintiff's sit/stand tolerance.[3] *See* Tr. 219. The undated letter contains the very opinion to which the ALJ gave limited weight, and therefore offers no further "clinical findings" to support the sit/stand tolerance. *See* Tr. 18 and 270. As the Report explains, the ALJ's decision to discount Dr. Richardson's opinion on Plaintiff's sit/stand tolerance is supported by substantial evidence. Dkt. No. 19 at 12-15.

**Additional Evidence.** The Magistrate Judge concluded that the Appeals Council had no duty to explain why additional evidence did not require review of the ALJ's decision because the additional evidence submitted to the Appeals Council did not relate to the relevant time period. Dkt.

---

[3] This report states that "given [Plaintiff's] ongoing radicular pain complaints, and her attempts at returning to work previously, I do not foresee her returning to any type of meaningful employment." Tr. 219. The language of this report neither restricts Plaintiff from returning to work nor places limitations on her activities. It merely predicts that Plaintiff will not return to work.

No. 19 at 17-18.

The Appeals Council must consider additional evidence when it is new, material, and relates to the period before the ALJ's decision.[4] This court has held in several cases that the Appeals Council's failure to articulate reasons for not granting review based on additional evidence warranted remand. However, the facts of this case do not require remand.

Plaintiff argues that the psychiatric evaluation report from Dr. Teichner, which is the result of four visits with Plaintiff in June 2009 (more than one year after the ALJ's decision), is evidence that the Appeals Council must consider. Dkt. No. 21 at 2-3. The Magistrate Judge found that while the additional evidence is new, it is neither material nor related to the period on or before the date of the ALJ's decision. Dkt. No. 19 at 17-18. Plaintiff argues that although the report is the result of consultations more than one year after the ALJ's decision, the report relates to the period on or before that date because it shows Plaintiff suffered from "mental difficulties during the period relevant to her application." Dkt. No. 21 at 2. Plaintiff argues that the Appeals Council was, therefore, required to provide an explanation for denying review in light of this new evidence.

As the Report indicates, Plaintiff never relied on depression or other mental conditions in

---

[4] Pursuant to 20 C.F.R. § 404.970(b):
If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b). Evidence is new "if it is not duplicative or cumulative." *See Wilkins v. Sec'y of Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* "When a claimant seeks to present new evidence to the Appeals Council, she is not required to show good cause for failing to present the evidence earlier." *Wilkins v. Sec'y. Dep't of Health & Human Servs.*, 953 F.2d 93, 96 n.3 (4th Cir. 1991).

6

her claim for disability before the ALJ. Dkt. No. 19 at 17. Plaintiff argues that she reported anxiety in a function report in connection with her application, but the report simply states, "Being home now more than ever before in my life depresses me and at times I get anxious." Dkt. No. 21 at 2 (citing Tr. 143). The only other reference to any depression or mental condition to which Plaintiff directs the court is a disability report Plaintiff completed as part of her initial application. Dkt. No. 21 at 2 (citing Tr. 112). This report does not list depression or any other mental condition as an illness or condition that limits her ability to work.[5] Tr. 112. Because Plaintiff's mental condition was not an issue before the ALJ, and because Dr. Teichner's report does not suggest that Plaintiff's ability to work prior to the ALJ's decision was limited as a result of a mental condition,[6] the Report correctly recommends that the ALJ's decision be affirmed because any failure of the Appeals Council to provide an explanation as to the new evidence is harmless. Dkt. No. 19 at 17-18.

## CONCLUSION

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina

---

[5] In the section requiring Plaintiff to identify and describe her illnesses, injuries, or conditions, she only lists degenerative disc disease and the resulting physical pain from disc problems as her "illnesses, injuries, or conditions." Tr. 112. In the following paragraph where Plaintiff explains how her illnesses, injuries, or conditions limit her ability to work, Plaintiff mentions that the pain causes her to be "irritable" and that she is depressed because she does not like people to see her in pain. Tr. 112.

[6] Dr. Teichner's report may, however, be relevant to a subsequent application for disability. The report focuses on Plaintiff's mental condition as of June 2009, and notes that Plaintiff reported severe symptoms of depression starting around March 2009. Tr. 341.

7

September 26, 2011

September 26, 2011